IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CESAR MENDOZA-HERNANDEZ,  )
    Plaintiff,  )
  )
v.  )    No. 3:14-CV-2859-P
  )
OFFICER NFN PAYNE, ET AL.,  )
    Defendants.  )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.**     **Factual Background**

Plaintiff is a federal prison who has filed this complaint pursuant to *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. He is proceeding *pro se*, and the Court has granted him leave to proceed *in forma pauperis*.

Plaintiff alleges that various Federal Bureau of Prison and county jail employees violated his civil rights at various prisons and jails between November, 2000 and May, 2014. He states that: (1) while incarcerated in Londale, Louisiana on November 2, 2000, he was intentionally placed with dangerous inmates who hit him and injured his eyes, that Officer Payne did nothing to help him, and that Officer Bill verbally and physically abused him; (2) while incarcerated in the county jail in Upshur, Texas he was hit by two unknown inmates on October 31, 2011, and

an unknown officer sprayed pepper spray in his eyes on November 25, 2011; (3) while incarcerated at the Federal Correctional Institution ("FCI") in Fort Worth, Texas, P.A. Gomez sexually molested him on February 2, 2012; (4) while incarcerated in the United States Penitentiary ("USP") in Atwater, California, Officer D. Coggin and Case Managers Scott and Andrews added false emergency contact information to his file on September 18, 2012; (5) while incarcerated in the USP in Atwater, California Officer Franco discriminated against Plaintiff by avoiding sending him to the hospital and removing him from the medical department on March 24, 2013; (6) while incarcerated in USP in Victorville, California, Officers Tito and D. Arellano sexually molested him and Officer Arellano made false accusations against him on June 21, 2013; (7) while incarcerated in the USP in Victorville, California, Officer Malinka, P.A. Fernandez, Ms. Fuis and Ms. Lechuga did not provide medical support for him in April, 2013; (8) while incarcerated in the USP in Victorville, California on February 5, 2014, he was segregated and his phone and email accounts were canceled for six months; (9) while being transferred from Victorville, California to Phoenix, Arizona two unknown officers from USP Victorville hit him on May 12, 2014; (10) while incarcerated in FCI Phoenix, Ms. Schultz, PA Clayton and Dr. Ricotta did not provide him with medical support on May 19, 2014.

## II.   Screening

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must

plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### III.   Discussion

**1.   Statute of Limitations**

A civil rights action under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (finding limitations period in Texas is two years). Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

In this case, Plaintiff's claims arising from his incarceration in Londale, Louisiana, Upshur County, Texas and Fort Worth, Texas are barred by the statute of limitations. Plaintiff states his claims from Londale, Louisiana occurred on November 2, 2000. Plaintiff's claims from Upshur County occurred on October 31, 2011 and November 25, 2011, and his claims from Fort Worth, Texas occurred on February 2, 2012. All of the claims occurred more than two years

prior to Plaintiff filing the instant complaint on July 23, 2014. Plaintiff has shown no reason for failing to file his claims earlier. These claims should therefore be dismissed as barred by the statute of limitations.

**2.   Remaining Claims**

Plaintiff's remaining claims are filed in the improper venue. Title 28 U.S.C. § 1391(a) governs venue of a federal cause of action. That statute states in pertinent part:

A civil action may be brought in –

(1)   a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)   if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff's remaining claims occurred in California at the USP Atwater and the USP Victorville, and in Arizona at the Phoenix FCI. The USP Atwater is located in Merced County, which is located in Eastern District of California. *See* 28 U.S.C. § 84. Since Plaintiff's claims against Officers D. Coggins and Franco and Case Managers Scott and Andrew occurred in the Eastern District of California, and Defendants presumably reside in that District, these claims should be SEVERED from this action and TRANSFERRED to the United States District Court for the Eastern District of California. Plaintiff's claims against Officers Tito, D. Arellano and Malinka, P.A. Fernandez, Ms. Fuis, Ms. Lechuga and two John Doe Officers occurred at the USP in Victorville, California. Victorville is located in San Bernardino County, which is located in

the Central District of California, Eastern Division. *Id.* Plaintiff's claims against these Defendants occurred in the Central District of California, and Defendants presumably reside in that District. These claims should therefore be SEVERED and TRANSFERRED to the United States District Court for the Central District of California, Eastern Division. Plaintiff's claims against Ms. Schultz, P.A. Clayton and Dr. Ricotta occurred at the FCI in Phoenix, Arizona, and Defendants presumably reside in the District of Arizona. These claims should therefore be SEVERED and TRANSFERRED to the United States District Court for the District of Arizona. *See* 28 U.S.C. § 1406 (providing for transfer of action where venue is improper).

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims arising from his incarceration in Londale, Louisiana, Upshur County, Texas and Fort Worth, Texas be dismissed as barred by the statute of limitations; and (2) Plaintiff's remaining claims be severed and transferred to the appropriate courts.

Signed this 16 day of January, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).